# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-40797
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellant*,

*versus*

Victoriano Salmeron,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:25-CR-135-1

---

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Congress has sharply limited collateral attacks on removal orders in illegal-reentry prosecutions. A defendant may challenge the underlying order only by satisfying each prerequisite in 8 U.S.C. § 1326(d). Victoriano Salmeron did not satisfy the first: exhaustion of available administrative remedies.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40797

Salmeron was indicted for illegal reentry after a decades-long history of entering and being removed from the United States. His original removal order was repeatedly reinstated without challenge. This time, Salmeron moved to dismiss the indictment by collaterally attacking that order. The district court granted the motion. Because a motion to reopen remained available to Salmeron, he cannot satisfy § 1326(d). We therefore REVERSE and REMAND with instructions to reinstate the indictment.

## I

We review de novo the dismissal of an indictment and review the district court's factual findings for clear error. *United States v. Pedroza-Rocha*, 933 F.3d 490, 496 (5th Cir. 2019); *United States v. Hernandez-Velasquez*, 120 F.4th 1294, 1296 (5th Cir. 2024).

## II

Section 1326(d) permits a collateral attack on a removal order only if the defendant proves that he (1) exhausted every available administrative remedy, (2) was improperly deprived of judicial review, and (3) suffered fundamental unfairness in the entry of the order. 8 U.S.C. § 1326(d)(1)–(3). He must also show actual prejudice—a reasonable likelihood that, absent the alleged errors, he would not have been removed. *United States v. Ramirez-Cortinas*, 945 F.3d 286, 291 (5th Cir. 2019). The defendant bears the burden on each requirement, and failure on any one ends the inquiry. *Hernandez-Velasquez*, 120 F.4th at 1297 (5th Cir. 2024); *United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

Salmeron fails at step one because a motion to reopen was available to him. *See United States v. Parrales-Guzman*, 922 F.3d 706, 707 (5th Cir. 2019). Such motions ordinarily must be filed within 90 days of a final removal order. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b)(1). But an in absentia order may be challenged for insufficient notice "at any time." 8 U.S.C.

2

§ 1229a(b)(5)(C)(ii);    8    C.F.R.    §    1003.23(b)(4)(ii).    Salmeron's administrative remedy therefore remained open both before and after his 2010 removal.

Start with the weeks before removal. Accepting the district court's finding that Salmeron first learned of the order when immigration agents arrested him in February 2010, he was not deported until April. This is not a case in which the defendant learned of the order only as he was being physically removed. *Cf. United States v. Villanueva-Diaz*, 634 F.3d 844, 849 (5th Cir. 2011). Salmeron knew of the order, knew that reopening was a possible remedy, and had weeks to pursue it. He spoke with his sister and considered hiring an attorney "that could stop the deportation proceedings," but did not do so. Nor does the record identify anything that prevented him from filing pro se—particularly given his familiarity with immigration proceedings and with challenging removal orders. The remedy was available; Salmeron simply did not invoke it.

The same is true after removal. The district court relied on the general post-departure bar, 8 C.F.R. § 1003.2(d), without accounting for the specific rule governing in absentia orders. That rule permits reopening for insufficient notice "at any time," notwithstanding the alien's departure. 8 C.F.R. § 1003.23(b)(4)(ii); *see also* 8 U.S.C. § 1229a(b)(5)(C)(ii). The agency had already recognized that this specific provision excepted such motions from the general departure bar. *Matter of Bulnes-Nolasco*, 25 I. & N. Dec. 57, 58–60 (BIA 2009). And even apart from that exception, Fourth Circuit law—applicable to Salmeron's removal proceedings—had invalidated the departure bar because the governing statute permits a motion to reopen whether the alien is inside or outside the country. *William v. Gonzales*, 499 F.3d 329, 332–34 (4th Cir. 2007); *see Matter of U. Singh*, 25 I. & N. Dec. 670, 672 (BIA 2012) (applying the law of the circuit in which the proceeding arises).

No. 25-40797

The Government preserved this exhaustion argument. It argued below that Salmeron failed to exhaust because he never moved to reopen even though he could have done so at any time, and the district court squarely decided whether the departure bar foreclosed that remedy. The Government's more precise reliance on the regulation governing in absentia orders merely sharpens the same argument; it does not raise a new issue on appeal. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173–74 (2020); *Majors v. Hous. Auth. of DeKalb Cnty.*, 652 F.2d 454, 457 n.2 (5th Cir. Unit B 1981).

### III

Salmeron bore the burden of establishing every prerequisite to a collateral attack under § 1326(d). He failed to establish the first. Because an administrative remedy remained available, the district court erred in dismissing the indictment. We therefore REVERSE and REMAND with instructions to reinstate it.